```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JAMIE PORTILLO,                                      :
                Plaintiff,                           :     REPORT AND
                                                           RECOMMENDATION
        -v.-                                         :
                                                           16 Civ. 4731 (VEC) (GWG)
                                                     :
JENNIFER WEBB, MANUEL ALDIR, and
LYCHA GASANOV                                        :
                Defendants.                          :
---------------------------------------------------------------X
```
**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jamie Portillo, currently an inmate at the Coxsackie Correctional Facility in Coxsackie, New York, brought this lawsuit pro se pursuant to 42 U.S.C. § 1983, making claims regarding an incident that occurred while he was being transported from a medical clinic at Rikers Island to East Elmhurst Hospital. The defendants moved to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket ## 23-24). In a Report and Recommendation, dated October 11, 2017 (Docket # 34) ("R&R"), the Court recommended that the complaint be dismissed for failure to state a claim under 42 U.S.C. § 1983 and that plaintiff be given 21 days to file a second amended complaint. R&R at 13. The R&R also stated that, because plaintiff is a "monolingual Spanish speaker," he had to include in any amended filing "a clear explanation that the new amended complaint was composed by Portillo and that it has been accurately translated." Id. Portillo never filed objections to the R&R, and it was adopted "in full" on January 17, 2018 (Docket # 38).

After the R&R was issued, but prior to the adoption, Portillo filed a Second Amended Complaint. See Second Amended Complaint, filed Nov. 28, 2017 (Docket # 37) ("SAC"). The

Second Amended Complaint, however, did not contain a statement that it was written by Portillo and that it had been accurately translated.[1] On January 27, 2018, Portillo wrote to the Court asking for assistance with translation and for permission to file a third amended complaint. See Letter from Jamie Portillo, dated Jan. 27, 2018 (Docket # 40). In an Order, dated February 7, 2018 (Docket # 41), the Court explained that it could not provide translation assistance. It also granted plaintiff's request to file a third amended complaint and gave a filing deadline of February 28, 2018. In the Order, the Court stated that "any amended complaint must contain a clear explanation that it was written by Portillo and that it has been accurately translated from Spanish to English."

On March 12, 2018, after Portillo had failed to file a third amended complaint by the February 28 deadline, the Court issued an order reiterating that the Court could not accept Portillo's Second Amended Complaint "because the Court does not know that it was written by Portillo and was accurately translated from Spanish to English." See Order, dated Mar. 12, 2018 (Docket # 42). Reinforcing the Court's earlier admonitions, the March 12 Order stated:

> If Portillo wishes to proceed with this case he needs to file a third amended complaint. Any third amended complaint must contain a certification that it was written by Portillo (though he is certainly permitted assistance in doing so) and a sworn statement from the translator of the document stating that he or she translated the document written by Portillo from Spanish to English and that the translator accurately translated the document. It should also explain the level of the translator's knowledge of English and Spanish.

That Order sua sponte extended Portillo's deadline to file a third amended complaint until April

---

[1] Instead, the Second Amended Complaint contained a declaration by Portillo that "Mr. Portillo agrees that this second amended complaint has been properly translated to him based on this information as supplied by him in his second amended complaint." See SAC at *8. The Court cannot accept this certification because it would have been impossible for Portillo to know that an English translation of his statements was accurate.

2

2, 2018. The Order also warned Portillo that, if he failed to file a third amended complaint, "this case may be dismissed . . . under Fed. R. Civ. P. 41(b) for failure to prosecute" in addition to being dismissed for failure to state a claim.

Portillo failed to file a third amended complaint before the April 2, 2018 deadline. Accordingly, on April 23, 2018, the Court issued an Order to Show Cause directing Portillo "to explain why this case should not be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Portillo has not filed a complaint that states a claim, or under Federal Rule of Civil Procedure 41(b) for failure to prosecute." The Court gave Portillo until May 11, 2018, to make this explanation.

The May 11 deadline has now passed without any explanation from Portillo as to why the case should not be dismissed. Nor has Portillo filed a third amended complaint curing the defects in the prior complaints. Because the Second Amended Complaint did not comply with the Court's directives, that complaint should be deemed ineffective to cure the defects in Portillo's First Amended Complaint. And because the Court has already found that the First Amended Complaint fails to state a claim (Docket #38), this case should be dismissed.[2]

## PROCEDURE FOR FILING OBJECTIONS TO THIS
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). A party may

---

[2] In light of the warning given to plaintiff regarding dismissal and plaintiff's failure to respond to the Order to Show Cause, the case should also be dismissed for failure to prosecute under Rule 41(b).

Caproni at 40 Foley Square, New York, New York 10007. Any request for an extension of time to file objections or responses must be directed to Judge Caproni. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: May 25, 2018
      New York, New York

                                                   GABRIEL W. GORENSTEIN
                                                   United States Magistrate Judge

Copies sent to:

Jamie Portillo
16-A-4805
Coxsackie Correctional Facility
B-3-31
P.O. Box 999
Coxsackie, NY 12051-0999

Counsel by ECF