```
UNITED STATES DISTRICT COURT                          USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                         DOCUMENT
                                                      ELECTRONICALLY FILED
------------------------------------------------------------ X   DOC #:
 JAMIE PORTILLO,                                  :   DATE FILED: 11/27/2018
                                                  :
                                       Plaintiff, :   16-CV-4731 (VEC)(GWG)
                                                  :
              -against-                           :   ORDER DECLINING REPORT &
                                                  :   RECOMMENDATION AND
                                                  :   REFERRING CASE TO
 JENNIFER WEBB, MANUEL ALDIR, and                 :   MAGISTRATE JUDGE
 LYCHA GASANOV,                                   :
                                                  :
                                     Defendants.  :
------------------------------------------------------------ X
```

VALERIE CAPRONI, United States District Judge:

Plaintiff Jamie Portillo, acting *pro se*, objects to Magistrate Judge Gorenstein's recommendation that the case be dismissed for failure to state a claim and for failure to prosecute. Objection to R&R (Dkt. 45) at 1–2. Because Mr. Portillo has finally cured the defect that was the basis for the recommended dismissal, the Court declines to adopt the report and recommendation.

## BACKGROUND

Mr. Portillo, a monolingual Spanish speaker formerly incarcerated at Rikers Island,[1] commenced this *pro se* lawsuit on June 21, 2016, alleging excessive force by unnamed correctional officers. Complaint (Dkt. 2) at 2–3. The unnamed officers allegedly forced Mr. Portillo to stand and walk when he could not do so, causing him to fall and injure himself while being escorted to the hospital. *Id.* Mr. Portillo later amended the complaint to add the names of the officers. Dkt. 17 at 3. The amended complaint also clarified that Mr. Portillo could not move at the time he was injured because he had suffered a stroke. *Id.* at 4.

---

[1] Mr. Portillo is now incarcerated at Coxsackie Correctional Facility. Objection to R&R at 1.

1

On October 21, 2017, Magistrate Judge Gorenstein recommended granting Defendants' motion to dismiss, with leave to amend, because the amended complaint failed to state a claim and because it did not include a certification that the complaint was originally written by Mr. Portillo and had been accurately translated into English. First R&R (Dkt. 34) at 13–14 ("Any amended filing must contain a clear explanation that the new amended complaint was composed by Portillo and that it has been accurately translated."). This Court then adopted the report and recommendation with no objections from Mr. Portillo. Dkt. 38.

In the interval between the R&R's issuance and this Court's adoption of it, Mr. Portillo filed a second amended complaint. Dkt. 37. The second amended complaint contained the following statement: "Mr. Portillo agrees that this second amended complaint has been properly translated to him based on this information as supplied by him in his second amended complaint, as directed by this Court's Report and Recommendation." *Id.* at 8.

The second amended complaint included details and clarifications aimed at curing the inconsistencies and deficiencies identified by Judge Gorenstein. According to the First R&R, Mr. Portillo's first amended complaint failed to state a claim because it was inconsistent as to the time, place, manner, and extent of his injuries. First R&R at 10. In response, the second amended complaint clarified that the injury occurred at the hospital, when the correction officers physically lifted Mr. Portillo, who was then paralyzed and unresponsive to verbal commands, and intentionally dropped him on the floor, hurting his wrist, back, and other parts of his body. Dkt. 37 at 4–5. The second amended complaint also specified that Mr. Portillo, as a result of the fall, now has to rely on a cane for mobility and has developed carpal tunnel syndrome. *Id.* at 6.

After submitting the second amended complaint, Mr. Portillo filed a letter asking the Court for translation services. Dkt. 40. In the letter, Mr. Portillo indicated that inconsistencies

and gaps in his complaint can be remedied if he were afforded a professional translator. *Id.* Judge Gorenstein explained that the Court cannot provide translation services but construed the letter as seeking leave to file a third amended complaint. Dkt. 41. Mr. Portillo had until February 28, 2018, to file a third amended complaint. *Id.*

On March 12, 2018, Judge Gorenstein, not having received a third amended complaint by the February deadline, *sua sponte* extended the deadline to April 2, 2018, to give Mr. Portillo yet another chance. Dkt. 42 at 1–2. The Order also indicated that the second amended complaint did not sufficiently establish the accuracy of the English translation. *Id.* The Order instructed Mr. Portillo to submit the third amended complaint with "a certification that it was written by Portillo . . . and a sworn statement from the translator of the document stating that he or she translated the document written by Portillo from Spanish to English and that the translator accurately translated the document." *Id.* at 1. The Order also warned Mr. Portillo that his case could be dismissed for failure to state a claim and failure to prosecute if he did not comply with the April 2 deadline. *Id.* at 2.

On April 23, 2018, after continued silence from Mr. Portillo, Judge Gorenstein issued an order to show cause, directing Mr. Portillo to explain why the case should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and for failure to prosecute under Rule 41(b). Dkt. 43. The Order directed Mr. Portillo to respond by May 11, 2018. *Id.*

By May 29, 2018, Mr. Portillo still had not responded, and Judge Gorenstein issued a Report and Recommendation (Second R&R), concluding that the case should be dismissed for failure to state a claim and for failure to prosecute. Dkt. 44.

On June 12, 2018, Mr. Portillo timely filed his objection to the Second R&R. In his objection, Mr. Portillo attached two affidavits, his own (in Spanish) and that of a fellow inmate, Mario Valdiviezo, who affirmed in English that he is bilingual in English and Spanish and that he accurately translated what Mr. Portillo previously submitted as the second amended complaint. Dkt. 45, Ex. B. Defendants did not respond to Mr. Portillo's objection to the Second R&R.

**DISCUSSION**

Mr. Portillo's objection to the Second R&R primarily consists of an affidavit certifying, for the first time, the accuracy of the translation of the second amended complaint. Dkt. 45 at 1–2. When reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). As part of its de novo review, the district court has discretion to supplement the record and consider facts that were not before the magistrate judge. *Id.*; *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998) ("[T]he district court had discretion to consider evidence that had not been submitted to the Magistrate Judge."). For the reasons discussed below, the Court will consider Mr. Portillo's affidavit of translation, which cures the defect that Judge Gorenstein identified.

At the time that Judge Gorenstein issued his Second R&R, dismissal was clearly warranted. Because Mr. Portillo had repeatedly failed to respond to orders and deadlines, Judge Gorenstein understandably concluded that the case should be dismissed for failure to prosecute pursuant to Rule 41(b). Second R&R at 3, n.2. Judge Gorenstein also recommended dismissal for failure to state a claim pursuant to Rule 12(b)(6) because Mr. Portillo's second amended

4

complaint cannot be construed as plausibly stating any cause of action if the accuracy of the translation is unknown. *See* Second R&R at 2–3.

Since then, however, Mr. Portillo has made a good-faith effort to certify the accuracy of his second amended complaint. Judge Gorenstein had required Mr. Portillo to certify that his complaint "was written by Portillo (though he is certainly permitted assistance in doing so)" and to provide "a sworn statement from the translator of the document stating that he or she translated the document written by Portillo from Spanish to English and that the translator accurately translated the document." Dkt. 42. at 1. Judge Gorenstein also required an explanation of "the level of the translator's knowledge of English and Spanish." *Id.* Now, in his objection, Mr. Portillo has indicated that the second amended complaint "was written by [him] in Spanish." Objection to R&R at 1. He has also attached an affidavit signed by Mr. Valdiviezo, who avers that he is fluent in English and Spanish and that he accurately translated Mr. Portillo's second amended complaint word-for-word into English, with the aid of law clerks at the facility. Objection to R&R, Ex. B. Mr. Portillo's submissions, if the Court were to consider them, would therefore comply with Judge Gorenstein's requirements and cure the translation defect.

In this instance, although Mr. Portillo failed to certify the translation until past the eleventh hour, ignoring his most recent submissions and dismissing the case would be too harsh a result. Just as Judge Gorenstein demonstrated admirable patience in *sua sponte* extending Mr. Portillo's deadlines, this Court is mindful that Mr. Portillo is a *pro se* litigant, who, in addition to being indigent, does not speak English and, as a result of his incarceration, has limited access to translation services, both to produce his own submissions and to translate the Court's orders. Furthermore, because the alleged incident occurred in 2015, a dismissal of the case, even without prejudice, is likely to be fatal due to the statute of limitations. *See Shomo v. City of New York*,

579 F.3d 176, 181 (2d Cir. 2009) ("The statute of limitations for claims brought under Section 1983 is governed by state law, and in this case is the three-year period for personal injury actions under New York State law."). And while Mr. Portillo should be admonished for his failure to respond to the Magistrate Judge's orders, his record of amending his complaints, while imperfect, does not suggest that he has acted in bad faith. Rather, with each iteration, Mr. Portillo has progressively taken steps to fashion a workable complaint. For those reasons, the Court will exercise its discretion, pursuant to Rule 72(b)(3), to accept Mr. Portillo's last-minute certification of the accuracy of his second amended complaint.

Because the accuracy of the translation of Mr. Portillo's second amended complaint has now been certified by his translator, the Court declines to adopt the Magistrate Judge's recommendation of dismissal. With that said, Mr. Portillo is forewarned that he must abide by all deadlines and all orders issued by this Court and by Magistrate Judge Gorenstein. If more time is necessary to comply with an order, Mr. Portillo must promptly make his needs known *before* the deadline. Any further noncompliance with any court order may result in the dismissal of the case.

## CONCLUSION

For the foregoing reasons, the Court declines to adopt the Report and Recommendation issued on May 29, 2018 (Dkt. 44). The case is hereby referred back to Magistrate Judge Gorenstein for further general pretrial matters and any dispositive motions related to the second amended complaint.

The Clerk of Court is respectfully requested to terminate docket entry 45. The Clerk of Court is further requested to mail a copy of this Order and the Second R&R to Mr. Jamie (a.k.a. Jaime) Portillo and to note the mailing on the docket.

**SO ORDERED.**

**Date: November 27, 2018**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**