

**GEORGIA M. PESTANA**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**STEFANO PÉREZ**
*Assistant Corporation Counsel*
Phone: (212) 356-2381
Fax: (212) 356-3509
sperez@law.nyc.gov

September 27, 2021

**BY ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

MEMORADUM ENDORSEMENT

> Re:  Jamie Portillo v. C.O. Jennifer Webb, et. al.,
>        16-CV-4731 (VEC) (GWG)

Your Honor:

I am the attorney assigned to the defense of the above matter.  Defendants Jennifer Webb, Manuel Aldir and Lucyna Gasanov respectfully write to request leave to reopen the deposition of plaintiff in light of new information that was discovered within plaintiff's New York State Department of Corrections and Community Supervision ("DOCCS") mental health and medical records, which were recently received.  This application is made without plaintiff's consent, as plaintiff, who appears pro se, is incarcerated and thus, cannot be reached expeditiously.

By Order dated September 15, 2021, the Court granted defendants a sixty day extension of the discovery deadline, from September 17, 2021 to November 16, 2021 for the limited purpose of obtaining and reviewing plaintiff's DOCCS mental health and medical records, and a corresponding extension of time to file a proposed briefing schedule for their anticipated motion for summary judgment.  Defendants have since received and reviewed plaintiff's DOCCS medical and mental records, and mailed copies of same to plaintiff.  Defendants note that plaintiff's DOCCS medical records contain references to a potential prior accident that plaintiff did not previously disclose and may impact the injuries alleged in the instant matter.

In light of the new information obtained, defendants submit that further deposition testimony, limited to the newly discovered prior accident, is warranted.  Upon completion of plaintiff's deposition session on July 22, 2021, defendants noted on the record that the deposition would be left open pending receipt of outstanding discovery.  See Deposition Transcript of Plaintiff from July 22, 2021 at 87:2-6, annexed hereto as Exhibit A.  Pursuant to the provisions of Rule 30(a)(2)(A)(ii) and Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure, defendants submit that they should be granted leave to reopen plaintiff's deposition as new information has

come to light subsequent to plaintiff's deposition which may impact the injuries alleged here. Where new information exists that would warrant further deposition testimony, and the party has sought leave of court to redepose, courts often grant the application to reopen the questioning on the new information. Keck v. Union Bank of Switz., 1997 U.S. Dist. LEXIS 10578, 1997 WL 411931 (S.D.N.Y. July 22, 1997).  Should the Court be inclined to grant this application, defendants will promptly coordinate with plaintiff's correctional facility to complete plaintiff's deposition within the existing discovery period, which is currently scheduled to expire on November 16, 2021.

Defendants thank the Court for its time and consideration in this matter.

Respectfully submitted,

S/ *Stefano Pérez*_____

Stefano Pérez
*Assistant Corporation Counsel*
*Special Federal Litigation Division*

**BY FIRST-CLASS MAIL**
To:   Jamie Portillo
       *Plaintiff Pro Se*
       DIN: 16-A-4805
       Eastern NY Correctional Facility
       30 Institution Road
       P.O. Box 338
       Napanoch, NY 12458-0338

Application Granted

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

September 28, 2021

Copies Mailed by Chambers

2