

| GEORGIA M. PESTANA<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | STEFANO PÉREZ<br>*Assistant Corporation Counsel*<br>Phone: (212) 356-2381<br>Fax: (212) 356-3509<br>sperez@law.nyc.gov |
|---|---|---|

October 24, 2021

**BY ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

### MEMORANDUM ENDORSED

Re: <u>Jamie Portillo v. C.O. Jennifer Webb, et. al.</u>,
   16-CV-4731 (VEC) (GWG)

Your Honor:

I am the attorney assigned to the defense of the above matter. Defendants respectfully write in response to a letter filed on the docket by plaintiff on October 22, 2021. <u>See</u> Docket No. 115. Plaintiff's letter purports to seek, among other things, reconsideration of the Court Order dated September 28, 2021 granting defendants' request for leave to reopen the deposition of plaintiff in light of new information that was discovered within plaintiff's New York State Department of Corrections and Community Supervision ("DOCCS") mental health and medical records. Defendants note that they are presently scheduled to depose plaintiff tomorrow, October 25, 2021 beginning at 10:30 a.m. by video conference. Unless the Court directs the parties otherwise, defendants intend to go forward with tomorrow's deposition.

As an initial matter, plaintiff has consistently identified as a monolingual Spanish speaker. Pursuant to the Court Order dated October 18, 2021, any future application for relief from plaintiff was required to be accompanied by a sworn statement from the translator of the document stating that they translated the document written by plaintiff from Spanish to English and that the translator accurately translated the document. <u>See</u> Docket No. 114. Defendants note that plaintiff's letter application, which was filed on October 22, 2021, did not comply with the October 18 Court Order as it did not contain a sworn statement from the translator of the document.

In plaintiff's October 22 letter application, plaintiff also claims that he has been prejudiced by defendants throughout this litigation. For example, plaintiff states that he was not provided with an impartial translator. Defendants accommodated plaintiff's request for a Spanish interpreter. Defendants obtained the Spanish interpreter from an agency that the City of New York contracts with for interpreter services. The agency has no stake in the litigation whatsoever. Plaintiff also claims that he was not provided with a copy of the July 22 deposition

transcript.  Defendants mailed plaintiff a copy of all deposition transcripts; the July 22 deposition transcript was mailed to plaintiff by first-class mail on August 6, 2021.

Plaintiff states that this litigation has been significantly delayed.  Throughout the pendency of this litigation, the Court granted the parties several enlargements of time to complete discovery.  On multiple occasions, the parties jointly requested enlargements of time for varying reasons.  Many of the enlargement requests made after March 2020 were due to the impact of the global pandemic, which made it difficult to litigate without the benefit of office resources and contributed to delays in obtaining document discovery in a timely manner.  Plaintiff was also adversely impacted by the global pandemic, having contracted COVID-19 and in that situation, defendants consented to plaintiff's request for an enlargement of time.  On another occasion, after stating that he was unable to proceed with his June 10, 2021 deposition due to medical reasons and that he was scheduled to have surgery on his right hand the following week, plaintiff requested that the deposition be adjourned until after he recovered from his anticipated surgery.  Defendants consented to that enlargement request as well.  During plaintiff's deposition sessions, plaintiff requested to take multiple breaks due to his inability to sit for long periods of time.  Defendants accommodated plaintiff's requests each time by taking multiple breaks throughout plaintiff's deposition.  Thus, defendants submit that plaintiff has not been prejudiced and to the contrary, defendants have worked diligently to accommodate plaintiff's requests.

Most recently, defendants requested an enlargement of time to complete discovery in order to have the opportunity to obtain and review plaintiff's DOCCS mental health and medical records totaling 587 pages.  Through no fault of defendants, there were delays in receiving said records owing to the pandemic and mailing issues.  Upon receiving and reviewing said records, defendants promptly wrote to the Court requesting leave to reopen plaintiff's deposition as plaintiff's DOCCS medical records contain references to medical issues that impact claimed injuries and correspondingly, his alleged damages.  This medical-related information could not have been obtained prior to receipt and review of said records.  Defendants submit that further deposition testimony, limited to the newly discovered information contained within plaintiff's DOCCS records, is warranted, and that defendants will be substantially prejudiced if not permitted to reopen plaintiff's deposition.

Accordingly, for the reasons stated herein, defendants respectfully request that the Court deny plaintiff's purported application for reconsideration of the Court Order dated September 28, 2021.

    Respectfully submitted,

    S/ *Stefano Pérez*
    Stefano Pérez
    *Assistant Corporation Counsel*
    *Special Federal Litigation Division*

**BY FIRST-CLASS MAIL**
To:    Jamie Portillo
*Plaintiff Pro Se*
DIN: 16-A-4805
Eastern NY Correctional Facility
30 Institution Road
P.O. Box 338
Napanoch, NY 12458-0338

The deposition should proceed as scheduled. The Court is not considering the letter dated October 17, 2021, because, as previously noted, any application for relief from plaintiff must be accompanied by a sworn statement from the translator of the document stating that he or she translated the document written by Portillo from Spanish to English and that the translator accurately translated the document. The statement must also set forth the level of the translator's knowledge of English and Spanish.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

October 25, 2021

Copy Mailed by Chambers to Pro Se Plaintif