USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/07/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
JAMIE PORTILLO,                                              :
                                                             :
                                    Plaintiff,               :      16-CV-4731 (VEC) (GWG)
                                                             :
                  -against-                                  :      OPINION & ORDER
                                                             :
JENNIFER WEBB, MANUEL ALDIR, and                             :
LYCHA GASANOV,                                               :
                                                             :
                                    Defendants.              :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

WHEREAS on November 28, 2017, Plaintiff Jamie Portillo, proceeding *pro se*, filed a second amended complaint "alleging claims of excessive force, failure to intervene, and deliberate indifference to medical needs," R&R, Dkt. 161 (citing Sec. Am. Compl. Dkt. 37);

WHEREAS on November 27, 2018, the Court referred this matter to Magistrate Judge Gorenstein for general pre-trial management and for the preparation of a report & recommendation ("R&R") on any dispositive motions related to the second amended complaint, Dkt. 46;

WHEREAS on January 7, 2022, Defendants moved for summary judgment as to all claims, Mot., Dkt. 128, on the grounds that (1) Plaintiff's testimony was inconsistent, Defs. Mem., Dkt. 136 at 25–28, (2) Plaintiff failed to demonstrate that his injury was proximately caused by the alleged assault, *id.* at 29–31, (3) Plaintiff failed to allege that Defendant Webb was personally involved in the alleged assault, *id.* at 31–32, (4) Plaintiff failed to demonstrate that Defendants were deliberately indifferent to his medical needs, *id.* at 33–34, (5) Defendants Aldir and Gasanov had no meaningful opportunity to intervene, *id.* at 35–36, (6) Plaintiff could not demonstrate that injury resulted from the alleged improper use of restraints, *id.* at 36–37, (7)

1

Defendants were entitled to qualified immunity, *id.* at 37, and (8) "any other claims . . . are completely without merit," *id.*;

WHEREAS Plaintiff opposed the motion, Pl. Opp., Dkts. 146, 147;

WHEREAS on June 29, 2022, Magistrate Judge Gorenstein entered an R&R recommending dismissal of all claims except for the claim of excessive force and failure to intervene, R&R at 31;

WHEREAS Defendants objected to the R&R and argued that summary judgment should also be granted as to the excessive force claim because Plaintiff did not demonstrate that his "injuries were proximately caused by Defendants' alleged excessive force," Defs. Obj., Dkt. 162 at 1;

WHEREAS Plaintiff requested a six-month extension to respond to the Defendants' objection, as Plaintiff was then being held in the Special Housing Unit with limited access to legal materials, Dkt. 164;

WHEREAS on July 21, 2022, the Court extended Plaintiff's deadline to respond until December 31, 2022, and stayed the case until December 31, 2022, Dkt. 166;

WHEREAS on October 25, 2022, the Court received a letter from Plaintiff withdrawing his extension request because Judge Gorenstein had "correctly resolved all of the contentions raised by Defendant's [sic] objections," and requesting the Court to adopt the R&R in full, Dkt. 168;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS as to the portions of an R&R to which no party objects, the Court may accept those findings provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note;

WHEREAS Defendants' arguments regarding causation are simply a regurgitation of the arguments they made to the Magistrate Judge, *compare* Defs. Obj. at 2, 4–6 (arguing that Plaintiff failed to demonstrate proximate causation because he failed to provide expert testimony) *with* Defs. Mem. at 30; Defs. Reply, Dkt. 152 at 7–8; *compare* Defs. Obj. at 2, 6–8 *with* Defs. Mem. at 30–31; Defs. Reply at 7–8 (arguing that the record suggests other possible causes of Plaintiff's injuries);

WHEREAS because Defendants' objections are simply a rehash of the arguments made and rejected by the Magistrate Judge, the Court may accept the R&R if there is no clear error on the face of the record, *see Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013);

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS after thorough review, the Court finds that there is no clear error in the R&R.

IT IS HEREBY ORDERED that the R&R is adopted in full and Defendants' motion for summary judgment is GRANTED in part.

IT IS FURTHER ORDERED that the Clerk of Court is ordered to lift the stay entered on July 21, 2022, Dkt. 166, and to terminate the open motion at Dkt. 128.  The Clerk of Court is further requested to mail a copy of this Order to the Plaintiff and to note the mailing on the docket.

IT IS FURTHER ORDERED that, by no later than **December 2, 2022**, Plaintiff must inform the Court by letter whether he would like the Court to attempt to obtain pro bono counsel for him for the purposes of trial and trial preparation. By **January 3, 2023**, the parties must meet and confer to develop a mutually convenient schedule for the submission of motions *in limine* and a joint pretrial order, as well as trial. Defendants must submit a joint letter on behalf of both parties with the proposed schedule by no later than **January 6, 2023**.

**SO ORDERED.**

Date:  November 7, 2022
      New York, NY

_____
**VALERIE CAPRONI**
**United States District Judge**