```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/15/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
JAMIE PORTILLO,                                                 :
                                                                :
                                        Plaintiff,              :    16-CV-4731 (VEC) (GWG)
                                                                :
                    -against-                                   :    OPINION & ORDER
                                                                :
JENNIFER WEBB, MANUEL ALDIR, and                                :
LYCHA GASANOV,                                                  :
                                                                :
                                        Defendants.             :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

　　　　Plaintiff Jaime Portillo, an inmate in Franklin Correctional Facility, sued Defendant correctional officers for excessive force and failure to intervene pursuant to 42 U.S.C. § 1983. Sec. Am. Compl., Dkt. 37.  This Court held a two-day jury trial on July 30 and August 1, 2023, and the jury returned a verdict in favor of Defendants.  Order, Dkt. 228.  Defendants moved to tax costs, App. for Costs, Dkt. 229, to which Plaintiff timely objected, Obj., Dkt. 233.  The Clerk entered a Bill of Costs for $3,596.06.  Bill of Costs, Dkt. 236.  Plaintiff moved to vacate the taxation of costs "because of [his] indigency and the good faith basis for his claims in this action."  Mot. to Vacate, Dkt. 238 at 2.  For the reasons explained below, Plaintiff's motion to vacate the taxation of costs is GRANTED.

## STANDARD OF REVIEW

　　　　Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."  Upon the filing of a bill of costs, the Clerk's office enters costs "to a prevailing party as a matter of course in the absence of a countervailing statute or rule." *Eldaghar v. City of N.Y. Dep't of Citywide Admin. Servs.*, No. 02-CV-9151 (KMW), 2010 WL

1

1780950, at *1 (S.D.N.Y. May 4, 2010).  Following entry of the bill of costs, "the district court has the authority to review, adjust, or deny an award of costs."  *Id.*  A district court "reviews the award *de novo*."  *See Karmel v. City of New York*, No. 00-CV-9063 (KMK), 2008 WL 216929, at *1 (S.D.N.Y. Jan. 9, 2008) (citing *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001)).

The "losing party has the burden to show that costs should not be imposed."  *AXA Versicherung AG v. New Hampshire Ins. Co.*, 769 F. Supp. 2d 623, 625 (S.D.N.Y. 2011) (citing *Whitfield*, 241 F.3d at 270).  District courts have discretion "to award costs to a prevailing party under Rule 54(d)."[1]  *Figueroa v. City of N.Y.*, No. 00-CV-7559 (SAS), 2005 WL 883533, at *1 (S.D.N.Y. Apr. 14, 2005) (citing *LoSacca v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995)).  "A court need not award costs to the prevailing party if it finds that such an award would be inequitable."  *Culp v. Zaccagnino*, No. 96-CV-3280 (THK), 2000 WL 35861, at *1 (S.D.N.Y. Jan. 18, 2000).  Among the equitable factors the Court can weigh "are [a] plaintiff's indigenc[e] or financial hardship and [a] plaintiff's good faith in bringing the action."  *See Figueroa*, 2005 WL 883533, at *1 (citations omitted).  In fact, Defendants concede that the Court has discretion to deny costs based on indigency.  Def. Mem., Dkt. 240 at 2.

## DISCUSSION

Equitable considerations — namely, Plaintiff's indigency — justify granting Plaintiff's motion to vacate costs.  From the start of this case, Plaintiff has had limited funds.  He filed this action *pro se*, and the Court granted his *in forma pauperis* application based upon his indigency.  Order, Dkt. 4.  After discovery and summary judgment rulings, the Court granted Plaintiff's

---

[1] Defendants incorrectly argue that the Court can only deny an award of costs if the Clerk's taxation of costs was an abuse of discretion.  Def. Mem., Dkt. 240 at 1–2.  In this context, the abuse of discretion standard applies only to a court of appeals reviewing a decision of a district court.  *See Whitfield*, 241 F.3d at 269 ("A district court reviews the clerk's taxation of costs by exercising its own discretion to 'decide the cost question itself.'  An appellate court, in turn, reviews a district court's order taxing costs for abuse of discretion.") (citations omitted).  This Court, therefore, need not find any abuse of discretion to decide that, considering the relevant factors, taxation of costs is not appropriate.

request for *pro bono* counsel to represent him at trial. *See* Order, Dkt. 171; Not. of Appearance, Dkt. 177. Plaintiff has submitted his Inmate Account statements, which show that he cannot afford to pay costs. Cole Decl., Dkt. 239. At the start of this case in June 2016, Plaintiff's Inmate Account balance was $1,707.99. *Id.*, Ex. 1 at 7. By October 2022, Plaintiff's balance had shrunk to $347.00 and he earned less than $3 per week at his job. *Id.*, Ex. 2. Plaintiff's post-trial balance shrunk to a mere $69.21, and, by August 31, 2023, his balance had increased only slightly to $128.20, while he continued to earn less than $3 per week. *Id.*, Ex. 3. Although a plaintiff's "own professed indigency, described in merely a few sentences, is not enough to justify vacatur of the taxation of costs," *Knight v. City of New York*, No. 16-CV-7888 (RJS), 2019 WL 3759389, at *2 (S.D.N.Y. Aug. 8, 2019), Plaintiff has satisfied his burden of proving that he is indigent by providing his Inmate Account statements.

While indigency does not necessarily preclude an award of costs,[2] a "plaintiff's lack of financial resources may be a proper ground for denying costs, particularly where there is a wide disparity of resources between the parties." *Eldaghar*, 2010 WL 1780950, at *2. Here, it is clear that requiring Plaintiff to pay $3,596.06 would cause him substantial financial hardship, even if the amount Defendants can collect monthly is limited by 28 U.S.C. § 1915. Indeed, "it would be virtually impossible for him to pay these costs." *Culp*, 2000 WL 35861, at *2; *see also Eldaghar*, 2010 WL 1780950, at *1–2 (dismissing bill of costs for plaintiff who was required to pay an award of $5,876.90, but whose "sole source of income was unemployment benefits, [] had less than $1,000 in personal bank accounts, and [] had incurred several thousand dollars of

---

[2] Defendants harp on the fact indigency does not preclude taxation of costs. Def. Mem. 2 (citing *Pierre v. City of New York*, No. 05-CV-5018 (JFB) (KAM), 2008 WL 1700441, at *3–4 (E.D.N.Y. Apr. 9, 2008) (awarding costs despite claimed indigency)). While the Court has discretion to award costs despite indigency, it also has discretion to find that a party's inability to pay and the surrounding circumstances justify vacating a taxation of costs. *See Culp*, 2000 WL 35861, at *1 (noting courts' "broad discretion" to deny costs based on the losing party's "financial hardship").

debt"); *Vidal v. Lampon*, No. 16-CV-5006 (JCM), 2019 WL 10270262, at *2 (S.D.N.Y. Aug. 15, 2019) (dismissing costs of $3,126.23 after plaintiff represented that "he receives minimal prison wages and limited outside income"); *Brodie v. Pressley*, No. 95-CV-1197 (PKL), 1999 WL 691960, at *2 (S.D.N.Y. Sept. 7, 1999) (dismissing bill of costs for an incarcerated plaintiff who proceeded *in forma pauperis* and who declared that he "had no cash in checking or savings accounts, including prison accounts, nor any valuable property"); *Edwards v. Brookhaven Science Assocs.*, No. 03-CV-6123 (ADS) (JO), 2006 WL 3497861, at *2 (E.D.N.Y. Dec. 4, 2006) (declining to award costs to an unsuccessful plaintiff who was unemployed and had earned $5,000 in the prior year).

The Court finds no basis to conclude that Plaintiff brought these claims in bad faith. Although the merits of some of Plaintiff's claims were questionable, his claims for excessive force and failure to intervene survived summary judgment and proceeded to a jury trial. *Eldaghar*, 2010 WL 1780950, at *3 (finding that plaintiff demonstrated good faith after, among other factors, he successfully defended against summary judgment); *Nicholson v. Fischer*, No. 13-CV-6072 (FPG), 2018 WL 6616333, at *2 (W.D.N.Y. Dec. 18, 2018) (finding good faith where only a portion of plaintiff's claims proceeded to jury trial). Given the strong evidence of Plaintiff's inability to pay and lack of obvious bad faith, the Court concludes that it would be inequitable to award costs against the Plaintiff.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to vacate taxation of costs is GRANTED, and the Taxation of Costs at Dkt. 236 is VACATED. No costs shall be awarded to Defendants. The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 237.

**SO ORDERED.**

**Date:  April 15, 2024**
      **New York, New York**

                                            **VALERIE CAPRONI**
                                            **United States District Judge**